IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN DOE, an individual proceeding under
a pseudonym,

             Plaintiff,

    v.

JO ANN SARGEANT, an individual,
DEBRA EVANS, an individual, RICHARD
HILL, an individual,

             Defendants.
_____

Case No. 6:16-cv-00517-MC

OPINION & ORDER

MCSHANE, Judge:

      Plaintiff brings this action under 28 U.S.C. § 1983 against defendants Jo Ann Sargeant, Debra Evans, and Richard Hill in their individual capacities for alleged sexual abuse while plaintiff was housed at MacLaren Youth Correctional Facility in 1992. Plaintiff brought a state court action, based on the same allegations of abuse, against Jo Ann Sargeant and the facility. Defendants here, all of whom worked at MacLaren, moved for summary judgment on statute of limitations grounds.

1 –ORDER

While the parties briefed the motions here, the state court granted summary judgment against plaintiff on statute of limitations grounds. *See* Jan. 13, 2017 Order, Case No. 16CV02710. Specifically, the state court concluded, "Plaintiff knew or should have known of the harm, causation, and tortious conduct allegedly caused by Defendants while housed at MacLaren in 1992. Plaintiff's discovery of his injuries thus occurred well beyond ten years ago. As such, Plaintiff's claims are time-barred." *Id.* At a telephone conference following the state court judgment, plaintiff, now proceeding *pro se*, admitted he did not challenge the state court's preclusive effect on this action and stated he would dismiss this action.

Although 42 U.S.C. § 1983 does not contain a statute of limitations, district courts adopt the closest analogous statute of limitations from state law. *Sain v. City of Bend*, 309 F.3d 1134, 1136 (9th Cir. 2002). In Oregon, as § 1983 claims are most closely analogous to personal injury actions, the relevant statute of limitations is two years. *Id.*; O.R.S. § 12.110. Oregon and the Ninth Circuit generally espouse that the Discovery Rule governs the start of the tolling period for a statute of limitations. *T.R. v. Boy Scouts of Am.*, 344 Or. 282, 292 (2008); *Golden Gate Hotel Ass'n v. City and Cnty. of San Francisco*, 18 F.3d 1482 (9th Cir. 1994). This rule states that as soon as the plaintiff is aware, or should reasonably be aware, that an injury occurred, and knew or should have known that the defendant caused the injury, the statute of limitations period begins to run. *T.R.*, 344 Or. at 291 – 92.

As noted, the state court concluded plaintiff knew, or should have known, of the harm stemming from the abuse back in 1992. Therefore, collateral estoppel bars plaintiff's claim here.

Collateral estoppel prevents re-litigation of an issue of fact or law under a new cause of action that has already been decided in a prior court proceeding involving a party from the first case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Issue preclusion arises in a subsequent

2 –ORDER

proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding." *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 103 (1993). Issue preclusion applies when the following five requirements are met: (1) the issue in the two proceedings is identical; (2) the issue was litigated and was essential to the outcome of the prior proceeding; (3) the party to be precluded has had a full and fair opportunity to be heard on the issue; (4) the party to be precluded was party to or in privity with a party to the prior proceeding; and (5) the prior proceeding was of the kind that this Court will give preclusive effect to. *Id.* at 104. The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to give state court judgments the same preclusive effect that the law of the state where the judgment was rendered would give. *Gonzales v. California Dep't of Corr.*, 739 F.3d 1226, 1230 (9th Cir. 2014).

The issue of when plaintiff knew or should have known of the harm from the alleged sexual abuse is identical in both cases. Plaintiff had a fair opportunity to be heard on that issue in state court and the issue was in fact essential to the outcome there. The state court entered judgment and the time to appeal has passed. Therefore, I conclude plaintiff's claims here are barred by collateral estoppel. Plaintiff's brought this 1983 claim well past the two year limitation from the date he knew or should have known of the harm. Defendants' motion for summary judgment, ECF No. 28, is GRANTED.

IT IS SO ORDERED.

DATED this 15th day of August, 2017.

/s/ Michael McShane
Michael McShane
United States District Judge